IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY C. WEST, Signee for Mary E. Burks and Executor for Forest J. Burks, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 118-134 |
| BLOUNT COMPLETE HOME SERVICES and JIMMY BLOUNT, | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff names as Defendants (1) Blount Complete Home Services and (2) Jimmy Blount. (See doc. no. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 22, 2016, the house at 441 Carver Street, Thompson, Georgia, was destroyed by fire. (Id. at 5.) Blount Complete Home Service was contracted for demolition of the home, and Mr. Blunt informed Plaintiff he also builds homes. (Id.) During January 2017, Mr. Blount began to work on the house but did not complete the work despite many attempts by Plaintiff to contact Blount Complete Home Services. (Id.) As relief, Plaintiff requests Defendants repay him for the portions of the work that were not completed. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  In order to invoke the jurisdiction of the

3

Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). For actions brought under 28 U.S.C. § 1332, the burden is on the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011). A Plaintiff must plead facts that support the existence of federal diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991).

Here, Plaintiff fails to allege a basis for federal subject matter jurisdiction. While Plaintiff alleges there is federal question jurisdiction based on him paying Defendants $158,000 to build a house, it is not apparent any federal statute is applicable to invoke federal question jurisdiction. (Doc. no. 1, p. 4); 28 U.S.C. § 1331. Further, Plaintiff has failed to allege facts sufficient to establish federal diversity jurisdiction, as he alleges all parties are citizens of Georgia. (Doc. no. 1, p. 2); 28 U.S.C. § 1332(a). Because Plaintiff has failed to plead any facts demonstrating he is entitled to invoke the jurisdiction of the federal courts, his complaint is subject to dismissal.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of September, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA